UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY WARREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:21-cv-02981-TWP-MPB |
| WEXFORD OF INDIANA, LLC, PAUL A. TALBOT, ELAINE PURDUE, CARRIE D. STEPHENS, SHERI WILSON, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**Order Screening Complaint
and Directing Further Proceedings**

Plaintiff Larry Warren is an inmate at Pendleton Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. Because Mr. Warren is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

1

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Warren has sued five defendants: Wexford of Indiana, LLC, Paul Talbot, Elaine Purdue, Carrie Stephens, and Sherri Wilson.

He alleges generally that Defendants have denied him adequate medical care for a left abdominal injury started on October 19, 2018. Dkt. 2 at ¶ 20. The pain was so bad that he was unable to walk. *Id.* Over the course of the next three years, he contends Defendants were deliberately indifferent in treating this injury. *See id.* ¶¶ 20 – 59. Specific allegations are described below:

- Dr. Talbot failed to treat his left abdominal pain and misdiagnosed him with kidney stones, which ended up being malignant nodules and a hernia. *Id.* ¶¶ 22, 39, 58, 59.

- In January 2019, while laying on a gurney awaiting medical attention, Nurse Stephens directed an officer to physically remove him despite his crippling pain. *Id.* ¶ 28.

- Nurse Practitioner Elaine Purdue failed to order an ultra-sound of his abdominal section in February 2019. *Id.* ¶¶ 30, 31.

- Sherri Wilson falsified his medical records and retaliated against him. *Id.* ¶ 14.

- Nurse Practitioner Purdue, Dr. Talbot, and Nurse Stephens all participated in the treatment of his left abdominal area. *Id.* ¶¶ 27, 28, 29, 30, 68.

He also alleges Dr. Talbot sought to do a rectal exam to retaliate against him for filing grievances against Dr. Talbot. *Id.* ¶ 39. According to Mr. Warren, the sole purpose of this rectal exam was for humiliation, so he declined it. *Id.* ¶ 40. Finally, Mr. Warren says he received inappropriate medical treatment when he contracted COVID-19 in March of 2020. *Id.* ¶¶ 60 – 63.

Mr. Warren seeks compensatory and punitive damages.

### III. Discussion

Some of Mr. Warren's claims will proceed while others are improperly joined in this lawsuit. The Court begins with his misjoined claims and then discusses the ones proceeding in this lawsuit.

A.     **Misjoined Claims**

The Federal Rules of Civil Procedure generally allow a plaintiff to join claims against different defendants. Fed. R. Civ. P. 18(a) (authorizing joinder of claims); Fed. R. Civ. P. 20(a)(2) (authorizing joinder of defendants). That comes with a caveat: the claims must arise from the same transaction or series of transactions. *Mitchell v. Kallas*, 895 F.3d 492, 502 – 03 (7th Cir. 2018) ("A prisoner may join defendants in the same action only if the claims against each one arise out of the same transaction, occurrence, or series of transactions or occurrences[.]") (cleaned up); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits[.]") (internal quotations and citation omitted). This means a plaintiff cannot assert in a single complaint everything wrong that has happened to him while in prison. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions.").

This applies with particular force in prisoner litigation. The Seventh Circuit has repeatedly warned "district courts [to] not allow inmates to flout the rules for joining claims and defendants . . . or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens*, 860 F.3d at 436; *see also Mitchell*, 895 F.3d at 502 – 03

("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

Here, Mr. Warren has alleged five separate claims: 1) denial of adequate medical care related to his left abdominal area; 2) cruel and unusual punishment related to the rectal exam; 3) retaliation related to the rectal exam; 4) denial of medical care related to him contracting COVID-19; and 5) retaliation against Sheri Wilson for falsifying his grievance. The latter two claims are unrelated to the first three.

Therefore, this lawsuit will proceed on the following claims: denial of adequate medical care related to his left abdominal area; cruel and unusual punishment related to the rectal exam; and retaliation related to the rectal exam. The other two claims are unrelated, so they either will be severed or dismissed without prejudice. Fed. R. Civ. P. 21 (authorizing severance); *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Whether they are severed or dismissed without prejudice is a choice for Mr. Warren. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints[.]"). If the claims are severed and a new action is opened, Mr. Warren will be responsible for paying the filing fee associated with the new case or moving to proceed *in forma pauperis*. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case.

Mr. Warren shall have **through June 9, 2022**, in which to **notify the Court** whether he wishes the Court to sever the denial of medical care claims related to COVID-19 and retaliation claims into a new action.

### B. Eighth and First Amendment Claims

Mr. Warren has stated an Eighth Amendment claim against Dr. Talbot, Nurse Practitioner Purdue, Nurse Stephens, and Wexford for denying him adequate medical care. As for the individual defendants, Mr. Warren has plausibly alleged they participated in his medical treatment and either mistreated or failed to treat altogether a serious medical condition in his left abdominal area. He also contends each of them ignored his serious complaints of pain. These allegations are enough to state an Eighth Amendment denial of medical care claim. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 234 (7th Cir. 2021) ("The Eighth Amendment's ban on cruel and unusual punishments obligates prison officials to provide medical care to prisoners in their custody."); *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022) ("A delay in treating non-life threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal quotations and citations omitted); *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (doctor's decision to continue a known course of ineffective treatment violates the Eighth Amendment). As for Wexford, Mr. Warren has alleged Wexford allowed all of the individual defendants to continually provide inadequate medical care and that it had a policy of cutting costs resulting in the denial of medical care. This plausibly state a claim against Wexford for denial of adequate medical care. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021) (a private healthcare corporation that contracts with a prison may be liable for constitutional violations under § 1983 if a policy or custom causes the harm). These claims shall **proceed**.

Mr. Warren has also plausibly alleged Dr. Talbot violated his right to be free from cruel and unusual punishment and his right to be free from retaliation when Dr. Talbot sought to conduct a rectal exam for the sole purpose of humiliating him. This states a claim under the Eighth and

First Amendments. *Leiser v. Kloth*, 933 F.3d 696, 703 (7th Cir. 2019) ("Inmates have long had a clearly established right to be free from intentionally inflicted psychological torment and humiliation unrelated to penological interests."); *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (explaining prisoners have a right under the First Amendment to be free from retaliation). These claims shall also **proceed**.

Mr. Warren, however, has failed to state a claim against Sheri Wilson. The only allegation related to Ms. Wilson's involvement is that she and the other defendants refused to provide adequate medical care for his left abdominal area. There are no other factual allegations related to Ms. Wilson, such as when Mr. Warren saw her or what she did in the course of Mr. Warren's treatment. Mr. Warren's lone allegation against Ms. Wilson is not enough to plausibly allege she was personally involved in any constitutional violation. *Johnson v. Rimmer*, 936 F.3d 695, 710 (7th Cir. 2019) ("In an action under § 1983, the plaintiff must establish individual liability . . . Thus, [the plaintiff] must be able to establish [the defendant's] personal involvement in the alleged constitutional deprivation.") (cleaned up); *Hanks v. Hubbard*, No. 21-2054, 2022 WL 356732, at *3 (7th Cir. Feb. 7, 2022) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 – 556 (2007)) (affirming screening dismissal of medical care claim where plaintiff only conclusory alleged medical staff failed to adequately treat a burst vein and stroke). Mr. Warren's claim against Sheri Wilson is therefore **dismissed**.[1]

### IV. Directing Further Proceedings

For those reasons, Mr. Warren's First and Eighth Amendment claims **shall proceed** against Dr. Talbot; his Eighth Amendment claims **shall proceed** against Nurse Practitioner Purdue and Nurse Stephens; and his *Monell* claim **shall proceed** against Wexford. If there were additional

---

[1] There are allegations related to Ms. Wilson's alleged falsification of Mr. Warren's medical records. But as already explained, that conduct is unrelated to the denial of medical care claims.

claims raised in the complaint that the Court failed to identify, the plaintiff shall have through **June 9, 2022**, to identify those claims. The plaintiff shall also have to **June 9, 2022**, to inform the court if he wishes to sever the misjoined claims and open new cases. Otherwise, those claims are **dismissed without prejudice**. Mr. Warren's claim against Sheri Wilson is **dismissed**. The **Clerk** is **directed** to terminate Sheri Wilson from the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Talbot, Nurse Practitioner Purdue, Nurse Stephens, and Wexford in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED**.

Date: 5/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY WARREN
230853
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to Wexford of Indiana, LLC

Paul Talbot
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Rd.,
Pendleton, IN 46064

Elaine Purdue
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Rd.,
Pendleton, IN 46064

Carrie Stephens
Medical Provider
Pendleton Correctional Facility
4490 W. Reformatory Rd.,
Pendleton, IN 46064